GREGORY B. BYBERG, ESQ. # 162874
gbyberg@yahoo_federal.com
Kousha Berokim, Esq, # 242763
Law Offices of Gregory B. Byberg
270 N. Canon Drive, Third Floor
Beverly Hills, Ca 90210

Ph. 310-786-8280
Fax 310-786-8275

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

DYANNA ST. JOHN,               ) CIVIL ACTION NO. CV08-05468-
                            ) GAF-(FFMx)
                            )
                            ) FIRST AMENDED COMPLAINT FOR
        Plaintiff,      ) VIOLATION OF TITLE III OF THE
                            ) ADA; CALIFORNIA CIVIL CODE §
          vs.         ) 54, AND FOR INJUNCTIVE RELIEF
                            ) PURSUANT TO THE ADA AND
CULVER CITY INDUSTRIAL      ) CALIFORNIA CIVIL CODE § 55
HARDWARE, ALLAN GOLDMAN,  )
JOSEPH SHERWOOD,         )
ENVOY PROPERTIES, A        )
CALIFORNIA CORPORATION,    )
SAM DAMJI,  and DOES 1-5,   )
                            )
        Defendants      )
—————————————————————)

### FIRST AMENDED COMPLAINT

Plaintiff DYANNA ST. JOHN , for her claims and causes of action against Defendant

CULVER CITY INDUSTRIAL HARDWARE,  show the Court as follows:

### STATEMENT OF CLAIM

1. Plaintiff is an individual with a disability as defined by the Americans with Disabilities

Act of 1990 ( the "ADA") and California law.

Plaintiff  uses a wheelchair and a cane at times to assist her with mobility,  and possesses a

1

valid handicapped placard issued by the State of California. Because of her disability, plaintiff requires an ADA compliant handicapped space, closest to the business entrance,  crosshatch wide enough to open her drivers side door completely to exit her vehicle and travel to the entrance. Defendant Culver City Industrial Hardware is a public accommodation as defined by the Americans with Disabilities Act (ADA)   located in the city of Culver City, Los Angeles County, California. This store is a retail establishment open to members of the public for the sale of hardware goods.

2. Plaintiff brings this action for declaratory and injunctive relief, complaining of Defendants for violations of the Americans with Disabilities Act ("ADA"), 42 U.S.C.§12181 *et seq*., and § 54 and § 55 of the California Civil Code.

3. Plaintiff also seeks damages under California Civil Code § 54 and § 55, and attorneys' fees, costs, and expenses against Defendants, under these statutes and the  ADA.

JURISDICTION AND VENUE

4. The Court has jurisdiction over the action under the ADA, 42 U.S.C. §12188(a)(1)-(2). Plaintiffs invoke the supplemental jurisdiction of this Court under 28 U.S.C. §1367(a) to consider plaintiff's  state law claims.

5. Defendant's actions, inactions, failure to comply with the ADA and California Civil Code § 54 and § 55, and threatened failure to comply with those laws, of which Plaintiff complains, all occurred, failed to occur, or threatened to occur in Los Angeles County, State of California, making venue proper in this County and Court, under 28 U.S.C. §1391(b).

PARTIES

6. Plaintiff, a  resident  and citizens of Los Angeles County, California, is  a "qualified individual with a disability," as defined by the ADA, and has a "disability" within the meaning of

2

California Civil Code § 54..

    7. Plaintiff has a physical disability, and uses a wheelchair/and or cane  to gain mobility.

    8. Plaintiff  regularly associates with persons who use wheelchairs.

    9. Consequently, certain accommodations are necessary to allow Plaintiff access to public buildings, good, and services.

    10. Defendant Culver City Industrial Hardware  is a private entity that is responsible for the operation and maintenance of the facility described in paragraph 1 above. Defendants provide various services and goods to the general public. The form of business of Culver City Industrial Hardware is unknown, as there is no filed fictitious business statement with the County Recorder of the County of Los Angeles, nor is there a filed Corporation or Limited Liability Corporation filed with the California Secretary of State. Plaintiff believes and thereby alleges that defendant Allan Goldman is the owner, or an owner, of Defendant Culver City Industrial Hardware, form of business unknown.  Plaintiff believes and thereby alleges that Defendant Joseph Sherwood is an owner, or the owner, of the subject property on which Culver City Industrial Hardware is located, and therefore liable for the claims asserted in this complaint.  Plaintiff believes and thereby alleges that defendant Envoy Properties, a California Corporation, is an owner, or the owner, or the manager, of the subject property on which Culver City Industrial Hardware is located, and therefore liable for the claims asserted in this complaint.  Plaintiff believes, and thereby alleges, that defendant Sam Damji is the owner, or an owner, of Culver City Industrial Hardware, form of business unknown, and is therefore also liable for the claims made in this complaint.

    11. Defendants are  thus a public accommodation, or owners and operators of such, as defined by the ADA, and a public facility subject to the California Disabled Persons Act (Cal Civ. Code § 54, § 55).

STATEMENT OF FACTS COMMON TO ALL CAUSES OF ACTION

    12. The ADA entitles individuals with disabilities to "full and equal enjoyment" of the

3

goods, services, facilities, privileges, advantages, or accommodations provided by or at a place of public accommodation. 42 U.S.C. §12182(a). Title III of the ADA prohibits discrimination by any person who owns, operates, leases or leases to a place of public accommodation. 42 U.S.C.§ 12182 (a).

13. The ADA Accessibility Guidelines ("ADAAG") set the guidelines that buildings must follow in order to comply with the ADA..

14. On or about April 18, 2008, plaintiff visited the premises of Defendants at 5429 Supulveda Blvd, Culver City, CA 90230, with the intent to purchase goods for sale by Defendants. Plaintiff was unable to park near the entrance as there were no handicapped parking spaces available for her as mandated by the ADA and California Law. In order to park Ms. St. John would have had to park away from the entrance and would have had to cross a vehicular way to gain entrance to the building. Crossing this vehicular way could put Ms. St. John at peril as she some times can not be seen while crossing a vehicular way in her wheelchair.

15. Plaintiff maintains that Defendants should have to comply with the minimum number of handicapped spaces as is required of all other public accommodations pursuant to Federal and State Law, and that the failure of defendants to so comply, despite the existence of these laws for many years, is discriminatory as against her and all similarly situated disabled person. Defendant's premises had, on the day of plaintiff's visit, no handicapped spaces whatsoever.

16. On July 11, 2008, counsel for plaintiff sent by certified mail notice of the lack whatsoever of the handicapped spaces required under the ADA and State Law, as described above, and requested the installation of at least two handicapped designated parking spaces and sign age closest to the entrance of the business. Plaintiff also requested statutory damages in the amount of $ 1,000.00 Pursuant to California Civil Code § 54.3 and the payment of attorney's fees accrued to July 11, 2008. Although an employee signed for the certified notice, no

compliance was achieved and Defendants have refused to attempt to comply or to pay statutory damages and attorneys fees.

17. Despite its duty and opportunity to comply with the ADA and state statutory law, Defendants chose to continue the operation of business which discriminates against Plaintiff and all other persons similarly situated on the basis of their disability, causing a hardship in the patronage of the public accommodation at the premises. Plaintiff is informed and believes and thereon alleges that subsequent to the filing of the complaint in this action, defendants attempted to install a handicapped parking space, but that such attempts only resulted in spaces that do not comply with the requirements of the ADA and California Law.

18. Plaintiff intends and desires to frequent defendant's premises and place of business in the future. Plaintiff would like to return and patronize defendant's premises and business but she is prevented from doing so by defendant's failure and refusal to provide disabled persons with full and equal access to defendant's premises.

CAUSE OF ACTION I

VIOLATION OF TITLE III OF THE ADA

19. Pursuant to law, in 1990 the United States Congress made findings per 42 USC § 12101 regarding physically disabled person, finding that laws were needed to more fully protect "some 43 million Americans [with] one or more physical or mental disabilities; that "historically society has tended to isolate and segregate individuals with disabilities;" that "such forms of discrimination against individuals with disabilities continue to be a serious a pervasive social problem;" that "the Nations proper goals regarding individuals with disabilities are to assure equality of opportunity, full participation, independent living and economic self sufficiency for such individuals;" and that "the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our free society is justifiably famous.."

5

20. Congress stated as its purpose in passing the Americans with Disabilities Act (42 USC § 12101(b):

It is the purpose of this act

(1) to provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;

(2) to provide clear, strong, consistent, <u>enforceable standards</u> addressing discrimination against individuals with disabilities;

(3) to ensure that the Federal Government plays a central role in enforcing the standards established in this act on behalf of individuals with disabilities; and

(4) to invoke the sweep of Congressional authority, including the power to enforce the 14th Amendment and to regulate commerce, in order to address the major areas of <u>discrimination faced day to day by people with disabilities</u>. (Emphasis added).

21. As part of the Americans with Disabilities Act, Public law 101-136, (hereinafter the "ADA"), Congress passed "Title III-Public Accommodations and Service Operated by Private Entities" (42 USC 12181ff). The subject property and facility is one of the "private entities" which are considered "public Accommodations" for purposes of this title.

22. Title III of the ADA, and the regulations promulgated thereunder, require that after January 26, 1992, all providers of goods and services to the public must comply with Title III. The goal of title III is to achieve the full integration of persons with disabilities into society by removing the barriers that exclude individuals with disabilities altogether or subject them to treatment different from the treatment of non-disabled persons receive. 42 U.S..C §12101. An important and critical requirement of the ADA is that, as described above, if a facility provides self-parking spaces to visitors, employees, or both, the facility must also provide parking spaces for persons with disabilities sufficient in number and size to comply with the Americans with Disabilities Act Accessibility Guidelines. 28 C.F.R.§ 36, App A. ADAAG 4.1.2(5)(a) states that

individuals with disabilities must be provided with one handicapped accessible parking space for every 25 total parking spaces, but never less than one accessible space. In addition, one of every eight accessible parking spaces must be van accessible.  ADAAG 4.1.2(5)(b):

1 to 25 spaces        1 handicapped space

26 to 50 spaces       2 handicapped spaces

Defendant's premises requires 2 handicapped spaces with one being van accessible. Defendant's premises on the day of plaintiffs visit had no handicapped spaces whatsoever

23. Defendants discriminated against Plaintiff on the basis of her disability, depriving Plaintiff of the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of Defendant's place of public accommodation, in violation of the ADA and State Laws, as outlined above, by failing to be compliant with any proper handicapped parking spaces.

24. Defendants also subjected Plaintiffs, on the basis of their disabilities, to a denial of the opportunity to participate in or benefit from the goods, services, facilities, privileges, advantages, or accommodations of its facility, in violation of 42 U.S.C. §12182(b)(1)(A)(I).

25. Moreover, Defendants's conduct denied Plaintiffs, on the basis of her disabilities, the opportunity to participate in or benefit from a good, service, facility, privilege, advantage, or accommodation that is equal to that afforded to other individuals, in violation of 42 U.S.C. §12181(b)(1)(A)(ii).

26. Furthermore, Defendants failed to provide Plaintiffs with  goods, services, facilities, privileges, advantages, and accommodations in the most integrated setting appropriate to her individual needs, in violation of 42 U.S.C. §12182(b)(1)(B).

CAUSE OF ACTION II

VIOLATION OF CALIFORNIA CIVIL CODE  §54

7

27. Defendant's failure to comply with 28 C.F.R.§ 36, App A. ADAAG 4.1.2(5)(a) by providing one handicapped accessible parking space for every 25 total parking spaces, but never less than one accessible space, with one of out of every eight an  accessible parking space, and at least one must be van accessible ( ADAAG 4.1.2(5)(b) is a violation of the ADA .

Defendants have denied, and continue  to deny, Plaintiff, because of her disabilities, the same rights that able-bodied persons have to the full use and enjoyment of those public facilities, in violation of California Civil Code § 54.

28.   A violation of the ADA is a violation of California Civil Code § 54, the California Disabled Persons Act.  (See Cal. Civ. Code § 54 ( c), 54.1(d)2,(b). Defendants failure to provide compliant handicapped parking in conformance with the ADA constitutes an interference with the rights of an individual with a disability, therefore Defendants are liable for the actual damages in an amount as may be determined by a jury, or by the court, up to a maximum of three times the amount of actual damages but in no case less than one thousand dollars ($ 1,000.00). Cal Civ Code §54.3(a).

### INJUNCTIVE RELIEF

29. Because Plaintiff, and all other persons similarly situated,  will continue to experience unlawful discrimination as a result of Defendant's failure to refusal to comply with the ADA, and California Civil Code §54, injunctive relief is necessary to order Defendants to modify the premises so as to establish one handicapped accessible parking space for every 25 total parking spaces, but never less than one accessible space. In addition, one of every eight accessible parking spaces must be van accessible. ADAAG 4.1.2(5)(b). Defendant's premises requires 2 handicapped spaces with one being van accessible.

8

DECLARATORY RELIEF

30. Plaintiffs are entitled to declaratory judgment concerning each of Defendant's violation of law, specifying their rights as persons with disabilities in regard to Defendant's public accommodation, and the facilities, goods, and services available to the public there.

PRAYER FOR RELIEF

THEREFORE, Plaintiffs request that the Court:

A. Enter declaratory judgment that Defendant's practices, policies, and procedures in the past have prevented, and continue to prevent, Plaintiffs from fully accessing the defendant's place of public accommodation, and discriminates against them, in violation of the ADA, and California Civil Code §54, and issue a permanent injunction, requiring Defendants, their agents, servants, and employees, and all persons acting in concert with Defendants to eliminate all barriers described herein that prevent Plaintiffs from access to defendants premises ; and enjoining Defendants from violating the ADA, California Civil Code §54, and from discriminating against Plaintiffs in violation of law;

B. Award Plaintiffs actual and/or statutory damages in the amount of at least $ 1,000.00 per violation of the above laws so stated above;

C.. Find that Plaintiff is the prevailing party in this action, and order Defendants to pay Plaintiffs' attorneys' fees, costs, and expenses; and

1

2

D. Grant such other and additional relief to which Plaintiffs may be entitled in this action.

3

Dated: 8/14/08

4

5

Respectfully submitted,

6

Law Offices of Gregory B. Byberg

7

BY:

8

9

Gregory B. Byberg

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

10

PROOF OF SERVICE BY MAIL ( CCP 1013a, 2015.5)

State of California, County of Los Angeles

I am a resident of the county aforesaid; I am over the age of eighteen years and not a party to the within entitled action, by business address is 270 N. Canon Drive, Floor Three, Beverly Hills, CA. 90210.

On **December 1, 2008,** , I served the within FIRST AMENDED COMPLAINT FOR VIOLATION OF TITLE III OF THE ADA; CALIFORNIA CIVIL CODE § 54, AND FOR INJUNCTIVE RELIEF PURSUANT TO THE ADA AND CALIFORNIA CIVIL CODE § 55 on all interested parties in said action, by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid in the United States mail at Beverly Hills, California, addressed as follows:

Culver City Industrial Hardware

5429 Sepulveda Blvd,

Culver City, CA 90230

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on **December 1, , 2008**  at Beverly Hills, California.

Gregory B. Byberg

(Signature)

11